UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL FOLEY,<br><br>        Plaintiff(s),<br><br>    v.<br><br>K. BOURNE, et al.,<br><br>        Defendant(s). | Case No. 2:17-CV-2844 JCM (VCF)<br><br>ORDER |

     Presently before the court is Las Vegas Metropolitan Police Department ("LVMPD" and Joseph Lombardo's (collectively "the LVMPD defendants") motion to dismiss. (ECF No. 5). Plaintiff Michael Foley has not filed a response, and the time for doing so has since passed.

     Also before the court is defendant Steven Grierson's motion to dismiss. (ECF No. 11). Plaintiff has not filed a response, and the time for doing so has since passed.

     Also before the court is defendant Merle Lok's motion to dismiss. (ECF No. 12). Plaintiff has not filed a response, and the time for doing so has since passed.

     Also before the court is defendants Kenneth Bourne, Kurt Graham, Steven Wolfson, Edward Ewert, and Clark County's (collectively "the Clark County defendants") motion to dismiss. (ECF No. 14). Plaintiff has not filed a response, and the time for doing so has since passed.

     Also before the court is defendants Pamela Norton-Lindemuth and Carol Erbach's motion to dismiss. (ECF No. 16). Plaintiff has not filed a response, and the time for doing so has since passed.

. . .

**James C. Mahan**
**U.S. District Judge**

**I.     Facts**

This is an action for compensatory and injunctive relief against defendants, whom plaintiff alleges conspired against him to deprive him of his right to participate in the academic life of his children and to falsely arrest and imprison him for exercising that right. (ECF No. 1).

In October of 2015, plaintiff contacted Wright Elementary School ("Wright") principal Carol Erbach and vice-principal Pamela Norton-Lindemuth regarding plaintiff's daughter who attended Wright. *Id*. Plaintiff asserts that Erbach, Norton-Lindemuth, and Patricia Foley, the mother of plaintiff's daughter, had been depriving plaintiff of normal custody and rights of his children. *Id*. Plaintiff asserts that Erbach and Norton-Lindemuth "unlawfully and maliciously" opposed the plaintiff's right to designate himself as his daughter's emergency contact for the school. *Id*.

On November 12, 2015, plaintiff asserts that he went to Wright to take his daughter to lunch. *Id*. Plaintiff asserts that when he identified himself to school officials, Does 1, 2, and 3, he was told to wait. *Id*. While he was waiting plaintiff was approached by William Gaither who informed plaintiff that he was not free to leave. *Id*. Deanne Turner then approached and prevented plaintiff from leaving or taking custody of his daughter. *Id*. Gaither gave plaintiff a letter composed by Erbach and Norton-Lindemuth informing him that he would be arrested if he ever returned to the school. *Id*.

Kenneth Bourne and Kurt Graham then entered the school to arrest and remove plaintiff. *Id*. Plaintiff asserts that Bourne grabbed plaintiff and began to shake him, causing plaintiff personal injury. *Id*. Bourne, Graham and Doe 4 transported plaintiff to "Clark County's illegal debtor's prison." *Id*.

Plaintiff alleges that Bourne, Graham, Doe 4, Edward Ewert, and Steven Wolfson fabricated a fake warrant to justify plaintiff's arrest. *Id*. Plaintiff asserts that the warrant had a fake signature of Judge Charles Hoskin via a rubber stamp rather than a district court judge. *Id*.

On November 16, 2015, after being held in Clark County Detention Center ("CCDC") for four days, plaintiff asserts that defendants forced him to appear before "a sham tribunal that can be best characterized as a kangaroo court." *Id*. Plaintiff asserts that Wolfson and Ewert set up the

- 2 -

"sham trial" so that plaintiff would not have any representation. *Id*. Lok presided over the hearing. *Id*. Plaintiff alleges that Lok permitted plaintiff to make arguments, but said arguments were not considered and sentenced plaintiff to ten days imprisonment. *Id*.

On November 13, 2017, plaintiff filed a complaint naming Bourne, Graham, Turner, Gaither, Wolfson, Ewert, Lok, Grierson, Erbach, Norton-Lindemuth, LVMPD, Lombardo, Clark County, and Patricia Foley as defendants. *Id*.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

James C. Mahan
U.S. District Judge

- 3 -

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion to under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52. In *Ghazali*, defendants filed a motion to dismiss. *Id*. at 53. Plaintiff, who represented himself pro se, failed to oppose defendant's motion. *Id*. at 54. The court granted defendant's motion based on plaintiff's failure to file an opposition. *Id*. at 53. The Ninth Circuit upheld the decision of the district court. *Id*. at 54. "[P]ro se litigants are bound by the rules of procedure. [Plaintiff] did not follow them, and his case was properly dismissed." *Id*.

"Before dismissing an action [for failure to follow local rules], the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

*a. The LVMPD defendants' motion to dismiss*

The LVMPD defendants assert that plaintiff's Fourteenth Amendment claim, which alleges that LVMD operates an illegal debtors' prison, must be dismissed. (ECF No. 5). Defendants argue

that LVMPD did not violate plaintiff's constitutional rights through its operation of the Clark County Detention Center ("CCDC"). *Id*.

Defendants assert that plaintiff's § 1983 claim should be dismissed against LVMPD because LVMPD is a subdivision of a municipality and, as such, plaintiff must allege LVMPD had a policy or custom that caused plaintiff's injury. *Id*. Defendants argue that plaintiff has failed to make such an allegation. Upon reviewing the complaint, the court agrees.

Defendant asserts that plaintiff's claims against Lombardo should be dismissed because in order for Lombardo to be held liable as an individual or as a supervisor plaintiff would have to allege that Lombardo had personal involvement in the constitutional deprivation or a sufficient causal connection. *Id*. Here, plaintiff's complaint does not allege that Lombardo personally participated in a constitutional deprivation, knew of it, or failed to prevent it.

   b. *Grierson's motion to dismiss*

Grierson asserts that plaintiff's claims against him should be dismissed because, as the claims against Grierson arose from Grierson acting in his official duty as a court clerk, plaintiff's claims are essentially brought against the Eighth Judicial District Court as an arm of the state. (ECF No. 11). As such, Eleventh Amendment immunity extends to Grierson. *Id*. Additionally, Grierson cites to *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987), to contend that he is entitled to absolute quasi-judicial immunity because accepting court filings and maintaining the official court record is "an integral part of the judicial process." (ECF No. 11).

   c. *Lok's motion to dismiss*

Lok asserts that the plaintiff's complaint against her should be dismissed for three reasons. (ECF No. 12). First, as was the case with Grierson, Lok's alleged role in the violation of plaintiff's rights arose from Lok's acting in her official capacity as a hearing master in district court. *Id*. Therefore, Lok asserts that the Eleventh Amendment bars plaintiff's official capacity state and federal causes of action. *Id*. Second, absolute quasi-judicial immunity bars all individual capacity claims against Lok. *Id*. Third, § 1983 only creates jurisdiction for civil suits against "persons"

1 and, because she was acting in her official capacity, plaintiff's suit is effectively against the Eighth
2 Judicial District Court. *Id*.

   *d. The Clark County defendants' motion to dismiss*

The Clark County defendants argue that plaintiff's claim arising out of the November 12, 2015, arrest should be dismissed for failure to state a constitutional violation.[1]  *Id*. Defendants assert that plaintiff's claim fails because the arrest was executed pursuant to a valid bench warrant issued against plaintiff. *Id*.

Defendants further argue that plaintiff's claims should be dismissed as to Wolfson and Ewert because they are entitled to absolute prosecutorial immunity. *Id*. Defendants assert that "Wolfson's actions, taken through attorneys and staff in his office, and Defendant Ewert's actions, in the attempt to collect the child support which the Plaintiff owed, are clearly part of the judicial process." *Id*.

Defendants assert that the court should dismiss plaintiff's claims that Bourne, Graham, Wolfson, and Ewert, acting in their individual capacities, violated his civil rights. *Id*. Defendants argue that these claims should be dismissed because plaintiff has failed to allege that Graham, Wolfson, and Ewert took any action outside of their official capacities and that they cannot be held individually liable for performing their job duties. *Id*.

Defendants assert that plaintiff's § 1983 claim should be dismissed against Clark County because Clark County is not an individual and, as such, plaintiff must allege Clark County had a policy or custom that caused plaintiff's injury. *Id*. Plaintiff has failed to make such an allegation. Therefore, Clark County should be dismissed from this action.

Regarding plaintiff's third cause of action, defendants assert that plaintiff has failed to establish that his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S.

---

[1] Defendants also assert that plaintiff's § 1983 claim is properly governed by Nevada's state law statute of limitations for a personal injury tort. (ECF No. 14). Defendants contend that the proper statute of limitations for plaintiff's § 1983 claims is two years. *Id*. Accordingly, defendants assert that the statute of limitations bars causes of action based on conduct occurring prior to November 13, 2015. *Id*. November 12, 2017, the final day within the statute of limitations, was a Sunday. Nevada Rule of Civil Procedure 6(a) states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a non-judicial day." Therefore, plaintiff timely filed his complaint on the last day of the statutory period.

**James C. Mahan**
**U.S. District Judge**

- 6 -

Constitution were violated. *Id*. Plaintiff was arrested on a valid bench warrant and therefore his rights pursuant to the Fourth Amendment were not violated. *Id*. The November 16, 2015, hearing was a child support civil contempt hearing and plaintiff had no constitutional right to the appointment of counsel. *Id*. Further, the civil contempt bench warrant upon which plaintiff was arrested on November 12, 2015, was valid and allowed for plaintiff's release upon payment of $1,000.00. *Id*.

   e. *Norton-Lindemuth and Erbach's motion to dismiss*

Defendants Norton-Lindemuth and Erbach assert that the first cause of action is the only action relative to them. (ECF No. 16). Defendants contend that plaintiff's claims are that he was deprived of "normal custody" rights, not being listed as an emergency contact in school records, not allowed to take custody of his daughter and being issued a trespass letter. *Id*. Defendants further contend that these claims are identical to what plaintiff alleged against them in a prior suit[2], in which Judge Gordon granted a motion to dismiss on the ground that the allegations do not state a cognizable claim. *Id*. Defendants therefore assert that plaintiff cannot re-litigate the same allegations in a separate lawsuit. *Id*.

Further, defendants assert that plaintiff's new complaint is improper claim-splitting. *Id*. The prior case brought by plaintiff is based on events of November 12, 2015. *Id*. Defendants, therefore, assert that it would be improper claim-splitting to permit plaintiff to bring an additional claims against the same defendants named in the prior case based on events that occurred on the same date. *Id*.

Additionally, defendants contend that plaintiff's second cause of action fails to state a cognizable claim against them because plaintiff has not alleged that Norton-Lindemuth or Erbach arrested him. *Id*.

   f. *Summary*

Here, as plaintiff has not opposed the numerous motions to dismiss, he has consented to the granting of the motions. LR 7-2(d). Further, the *Ghazali* factors favor dismissal of plaintiff's complaint. *See* 46 F.3d at 54. Plaintiff's failure to respond to the numerous outstanding motions

---

[2] Case No. 2:16-cv-2369-APG-PAL.

to dismiss prejudices defendants and strains the court's ability to manage its docket. *See id*. In addition, the court has reviewed defendants' motions, as detailed above, and the motions present meritorious arguments that favor dismissal of plaintiff's complaint.

The court will also dismiss plaintiff's claims against defendant Patricia Foley. Plaintiff's assertion that his ex-wife "directed all of the defendants to illegally arrest and confine plaintiff in order to compel him to pay her money toward a debt, in violation of his civil rights," is fantastical, and plaintiff does not provide evidentiary support in his complaint for this assertion.

   g. *Defendants Turner and Gaither*

On March 9, 2018, the deputy clerk filed a notice regarding intent to dismiss defendants Turner and Gaither because plaintiff has not filed proof of service as to those defendants. (ECF No. 19). Plaintiff failed to file proof of service with the clerk by the April 6, 2018, deadline. The court will dismiss plaintiff's claims against Turner and Gaither.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the LVMPD defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Grierson's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Lok's motion to dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Clark County defendants' motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Norton-Lindemuth and Erbach's motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED April 11, 2018.

_____
UNITED STATES DISTRICT JUDGE